UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AP&G CO., INC.. | ) |
| | ) |
| Plaintiff, | ) |
| | ) COMPLAINT |
| v. | ) |
| | ) 14-cv-4209 |
| GRO TEC, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, AP&G Co., Inc.. ("Plaintiff" or "AP&G") for its complaint against Defendant Gro Tec, Inc., ("Gro Tec" or "Defendant"), states and alleges as follows:

## THE PARTIES

1. Plaintiff is a domestic business corporation of the State of New York with its principal place of business at 170 53rd Street, Brooklyn, New York 11232.

2. Upon information and belief, Defendant is a corporation of the state of Georgia and maintains a place of business at 1280 Atlanta Highway, Madison, GA 30650.

3. Upon information and belief, Defendant is a subsidiary of Central Garden and Pet Company, which is based in Phoenix, Arizona.

4. Upon information and belief, Defendant conducts business and offers for sale and sells its products as a manufacturer and/or wholesaler to retailers throughout the United States and in the State of New York and in this District.

1

Attached herewith as Exhibit 1 is a true and correct copy of a printout from Walmart's website showing the availability of Defendant's product being offered for sale and sold at a Walmart store in Valley Stream, New York.

## JURISDICTION AND VENUE

5. This action arises, *inter alia*, under the United States Trademark Act, 15 U.S.C. §§ 1051- 1127, and related claims under the statutory laws and the common law of the State of New York.

6. This Court has jurisdiction over this subject matter based upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and 28 U.S.C. §1367.

7. This Court has personal jurisdiction over Defendant because Defendant has conducted commercial activities, and continues to conduct commercial activities within the state of New York.  Upon information and belief, Defendant directly and/or through intermediaries, makes, uses, provides, distributes, offers for sale and/or sells its products and services, including but not limited to those bearing the infringing trademark and/or confusingly similar product packaging that are accused of infringement in this lawsuit, within the State of New York and in this judicial district.  Furthermore, Defendant has committed and continues to commit acts of direct and indirect infringement by inducing others to offer for sale, and/or sell products bearing the infringing trademark and confusing similar packaging in New York, as alleged hereafter. In addition, Defendant regularly does and/or solicits business or engages in other persistent course of conduct and/or derive substantial revenue from the

sale of its goods in the State of New York that violate Plaintiff's rights or reasonably expect or should have expected the act of violating Plaintiff's rights to have consequences in New York, and Defendant has derived substantial revenue from interstate commerce.

8. Venue is proper in this district under 28 U.S.C. §§ 1391 (b), (c), and/or (d) and 28 U.S.C. §§ 1400(a) and/or (b), for the reasons, *inter alia*, that Plaintiff resides in this District, Defendant does business in this district and/or has committed acts of infringement in this district, and as a result, a substantial part of the events giving rise to these claims arose in this District.

## FACTS COMMON TO ALL CLAIMS

### PLAINTIFF

9. Plaintiff incorporates paragraphs 1 through 8 of this complaint as if set forth in full herein.

10. Since as early as 1983, Plaintiff has been and continues to be engaged in the business of producing, marketing, distributing, and selling its pest control products throughout the United States.

11. Plaintiff has, since at least as early as 1983, marketed, offered for sale and sold its pest control products in interstate commerce under its distinctive trademark "CATCHMASTER" as described herein.

12. Plaintiff has, since at least as early as 2007, marketed, offered for sale and sold its pest control products in interstate commerce through its distinctive packaging. A true copy of said packaging is attached hereto as Exhibit 2.

13. Plaintiff's use of said distinctive trademark and/or packaging has been

3

and continues to be publicized through advertising and sale of Plaintiff's pest control products in interstate commerce.

14. By virtue of said advertising and sales of its pest control products under its AP&G CATCHMASTER Trademarks as defined herein, said AP&G CATCHMASTER Trademarks have come to be distinctive and recognized, so that members of the purchasing public, wholesalers and retailers, seeing said AP&G CATCHMASTER Trademarks identify them with Plaintiff.

15. By virtue of said advertising and sales of its pest control products under its AP&G CATCHMASTER Trademarks by themselves and along with its distinctive product packaging, said AP&G CATCHMASTER Trademarks by themselves and used along with its distinctive packaging have come to be distinctive and recognized, so that members of the purchasing public, wholesalers and retailers, seeing said AP&G CATCHMASTER Trademarks by themselves and along with its packaging identify them with Plaintiff.

16. Plaintiff is the owner of all rights, title, and interest in and the goodwill associated therewith incorporating the term CATCHMASTER. All trademark registrations identified below are under the family of the CATCHMASTER trademarks belonging to AP&G (the "AP&G CATCHMASTER Trademarks")(Exhibits 3-7).

    a. AP&G is the owner of United States Trademark Registration No. 2052818 (the '818 Registration) for the trademark CATCHMASTER used in conjunction with rodent traps. A copy of the '818 Registration is attached hereto as Exhibit 3.

    b. AP&G is the owner of United States Trademark Registration No. 3177517 (the '517 Registration) for the stylized trademark CATCHMASTER used in conjunction with rodenticide traps, rodent and insect glue traps.  A copy of the '517 Registration is attached hereto as Exhibit 4.

    c. AP&G is the owner of United States Trademark Registration No. 3474473 (the '473 Registration) for the stylized trademark CATCHMASTER used in conjunction with insect and roach glue traps.  A copy of the '473 Registration is attached hereto as Exhibit 5.

    d. AP&G is the owner of United States Trademark Registration No. 3474472 (the '472 Registration) for the stylized trademark CATCHMASTER used in conjunction with fly glue traps.  A copy of the '472 Registration is attached hereto as Exhibit 6.

    e. AP&G is the owner of United States Trademark Registration No. 3474467 (the '467 Registration) for the stylized trademark CATCHMASTER used in conjunction with glue traps for trapping rodents, insects, and roaches.  A copy of the '467 Registration is attached hereto as Exhibit 7.

17. The above-referenced 'trademarks are conclusive evidence under 15 U.S.C. §1115(a) of Plaintiff's exclusive right to use the AP&G CATCHMASTER Trademarks in commerce.

18. The above-referenced trademark Registration Number 2052818  has

also been accorded incontestable status by the Trademark Office by virtue of the declarations filed with the Trademark Office attesting to the continued use of the trademark pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§1058 and 1065. Based on the foregoing, AP&G's above-referenced trademark registrations are currently valid and in good standing.

19. Plaintiff is also the owner of common law rights to the AP&G CATCHMASTER Trademarks for its use of the AP&G CATCHMASTER Trademarks in conjunction with the above-referenced goods.

20. Plaintiff has advertised various goods nationally under the AP&G CATCHMASTER Trademarks, and the AP&G CATCHMASTER Trademarks have become assets of substantial value as a symbol of AP&G's high quality goods and services.

**Defendant's Activities**

21. Plaintiff incorporates paragraphs 1 through 20 of this complaint as if set forth in full herein.

22. Upon information and belief, Defendant manufactures, markets, offers for sale and sells pest-control products to retailers who then offers for sale and sells these products to end-of-line consumers.

23. Defendant is offering for sale and selling identical pest-control goods bearing the mark "TRAPMASTER INSECT TRAP" (the "Accused Trademark") to retailers who then offer for sale and sell such products bearing the Accused Trademark to end-of-line consumer. (See Exhibit 1).

6

24. Defendant is offering for sale and selling identical pest-control goods bearing the mark "TRAPMASTER INSECT TRAP" along with its confusingly similar packaging to retailers who then offer for sale and sell such products bearing the Accused Trademark along with confusingly similar packaging to end-of-line consumer. (See Exhibit 1).

25. Such retailers include customers of Plaintiff, and the competitive goods, including those cited herein, of Plaintiff and Defendant are placed in close proximity to each other.

26. Notwithstanding Plaintiff's prior established rights in its AP&G CATCHMASTER Trademarks by themselves and used with its distinctive packaging, Defendant adopted, advertised, and used in connection with the sale of identical pest control products the name TRAPMASTER and confusingly similar packaging design so as to simulate Plaintiff's trademark and designation of origin.

## **FACT PRECEDING TO THIS ACTION**

27. On or about April 2, 2014, Plaintiff sent a letter to Defendant to cease and desist use of its TRAPMASTER mark and confusingly similar packaging design.

28. On or about April 14, 2014, Central Garden and Pet Company notified Plaintiff that Defendant is a subsidiary, that it is handling the matter on behalf of Defendant, and that it needed approximately one-to-two weeks to investigate the matter and provide a reply.

29. On or about May 13, 2014, Defendant through Central Garden and Pet Company provided a response to Plaintiff's cease and desist letter.

30. On or about June 3, 2014, Plaintiff sent a reply to Central Garden addressing the allegations set forth in Central Garden's May 13, 2014 reply. Plaintiff also invited Defendant to communicate to resolve this matter amicably.

31. Defendant and Central Garden and Pet Company has not responded to the June 3, 2014 letter, and upon information and belief, Defendant is still offering for sale and selling its products bearing the Accused Trademark and the confusingly similar packaging.

32. Defendant has disregarded the notice and has continued to offer for sale and sell its products bearing the Accused Trademark and the confusingly similar packaging in interstate commerce.

33. Defendant's use of its Accused Trademark by itself and along with its confusingly similar packaging in conjunction with pest control products has caused and is likely to further cause confusion, mistake and deception.

34. Upon information and belief, Defendant has performed the acts complained of herein willfully and with knowledge of the infringement that they would cause, and with intent to cause confusion, mistake, and/or deception, and to appropriate and unfairly trade upon Plaintiff's goodwill that Plaintiff has developed in its AP&G CATCHMASTER Trademarks by themselves and used in conjunction with its inherently distinctive packaging.

35. Plaintiff has been and continues to be injured by Defendant's unlawful acts within the State of New York and within this Judicial District.

**FIRST CAUSE OF ACTION**
**(Federal Trademark Infringement)**

36. Plaintiff incorporates paragraphs 1 through 35 of this complaint as if set forth in full herein.

37. The use by Defendant of its Accused Trademark in conjunction with goods identical to those of Plaintiff causes and is likely to cause a likelihood of confusion, deception and mistake or to deceive purchasers as to the source of origin of the pest control products, and is an infringement of the AP&G CATCHMASTER Trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1).

38. Upon information and belief, Defendant's acts of trademark infringement have been and continue to be willful.

39. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to preliminary and permanent injunctive relief and recovery of damages in an amount to be proved at trial, the remedies provided for in 15 U.S.C. §1116 et seq.

**SECOND CAUSE OF ACTION**
**(False Designation of Origin and Unfair Competition under Section 43(a) of the Lanham Act)**

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff's AP&G CATCHMASTER Trademarks are associated with goods emanating from Plaintiff.

9

42. Plaintiff's AP&G CATCHMASTER Trademarks used in conjunction with Plaintiff's distinctive packaging are associated with goods emanating from Plaintiff.

43. Defendant's interstate use of its Accused Trademark in conjunction with its products and in its advertising and promotion of its products constitutes a false designation of origin and is causing, and is likely to continue to cause, confusion, mistake or deception among purchasers and potential purchasers of products bearing the Accused Trademark as to the source or origin of the products sold by Defendant by reason of the fact that purchasers are likely to believe that Defendant's products originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

44. Defendant's interstate use of its Accused Trademark along with its confusingly similar packaging in conjunction with its products and in its advertising and promotion of its products constitutes a false designation of origin and is causing, and is likely to continue to cause, confusion, mistake or deception among purchasers and potential purchasers of products bearing the Accused Trademark and confusingly similar packaging as to the source or origin of the products sold by Defendant by reason of the fact that purchasers are likely to believe that Defendant's products originate from, or are in some way properly connected with, approved by, sponsored by, or endorsed by Plaintiff.

45. Defendant's use of the Accused Trademark by itself and along with its confusingly similar packaging with its identical products results and is likely to

10

continue to result in the palming off by Defendant, its retailers, distributors, wholesalers of Defendant's products as Plaintiff's product.

46. Defendant is unfairly trading on and appropriating the reputation and goodwill of Plaintiff as represented by Plaintiff's AP&G CATCHMASTER Trademarks by themselves and in conjunction with its inherently distinctive packaging and thereby is deceiving the public.  Defendant's conduct is likely to deceive, cause mistake and confuse members of the public that Defendant is associated with, sponsored by or authorized by Plaintiff.

47.  Defendant, in adopting the Accused Trademark by itself and in conjunction with its confusingly similar packaging, has acted willfully and with full knowledge of Plaintiff's rights to the AP&G CATCHMASTER Trademarks and its inherently distinctive packaging, and Defendant has used this false designation of origin and description in contravention of Section 43(a) of the Lanham Act, 15 U.S.C.  §1125(a).

48. Defendant's acts and its continued use of the Accused Trademark by itself and along with its confusingly similar packaging unless restrained will continue to cause serious and irreparable injury to Plaintiff.

49.     By reason of the acts of Defendant alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage and, unless said Defendant is restrained from continuing these wrongful acts, the damage to Plaintiff will increase.

50.     Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### (Common and Statutory Trademark)

51. Plaintiff hereby incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52. By its acts alleged herein, Defendant has engaged in trademark infringement and unfair competition under the common law of the State of New York.

53. As a result of Plaintiff's advertising and marketing efforts relating to its AP&G CATCHMASTER Trademarks by themselves and along with its distinctive packaging in conjunction with its pest control products, Plaintiff has built up valuable goodwill.

54. Defendant's wrongful use of its colorable imitation of Plaintiff's AP&G CATCHMASTER Trademarks and along with its confusingly similar packaging as alleged herein is likely to deceive the public into believing false that Defendant's products are associated therewith, originate from, and/or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between the two companies' products and businesses. Defendant has unfairly competed with Plaintiff in violation of New York common law.

55. Upon information and belief, Defendant took such actions in a deliberate attempt to misappropriate and trade off on the goodwill and valuable reputation of Plaintiff and its AP&G CATCHMASTER Trademarks and its distinctive packaging. Such action is a willful attempt by Defendant to usurp the goodwill in Plaintiff's rights to the AP&G CATCHMASTER Trademarks by themselves and with its distinctive packaging, and constitutes unfair competition in violation of

New York common law.

WHEREFORE, Plaintiff demands that:

1. that Defendant, its officers, employees, servants, agents, customers, distributors, attorneys, subsidiaries, assigns and/or related companies and all others acting in concert or participation therewith be enjoined and restrained from:

    A. from infringing, directly or indirectly, AP&G CATCHMASTER Trademarks and/or using any other mark, which is a colorable imitation of AP&G CATCHMASTER Trademarks in connection with the offer for sale and sale of its pest control products;

    B. from unfairly competing with Plaintiff,

    C. from using or employing, directly or indirectly, its packaging, which is a colorable imitation of Plaintiff's inherently distinctive packaging;

2. that Defendant, its officers, employees, servants, agents, customers, distributors, attorneys, subsidiaries, assigns and/or related companies and all others acting in concert or participation therewith be required to deliver for impound or destruction, all packaging, labels, signs, prints, packages, wrappers, receptacles, advertisements, materials and goods now in its possession and/or in its control which bear or display its Accused Trademark or

colorable imitations of Plaintiff's mark and/or its confusingly similar packaging, together with any and all plates, negatives, or other reproduction items capable of printing, reproducing or duplicating the Accused Trademark and/or confusingly similar packaging;

3. That Defendant be directed to recall any and all products and materials bearing the Accused Trademark and/or confusingly similar packaging;

4. Defendant be directed to file with this Court and serve on Plaintiff within twenty (20) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

5. That an accounting be held and judgment rendered against Defendant for:

   A. All profits received from the sale of its products identified or advertised in any manner by the use of its Accused Trademark and/or its confusingly similar packaging;

   B. All damages, sustained by Plaintiff on account of trademark infringement, unfair competition, false designation of the origin of goods, and that such damages be trebled;

14

  C. Plaintiff's attorney's fees and costs of this action;

6. that Plaintiff be awarded such other and further relief as to the Court may appear appropriate under the circumstances.

### Jury Trial

Plaintiff hereby demands trial by jury on all issues triable to a jury.

Dated: July 9, 2014          LEVISOHN BERGER LLP

                By: _____
                Peter L. Berger (PB-0121)
                Tuvia Rotberg (TR-8787)
                Jonathan Berger (JB-6448)
                11 Broadway, Suite 615
                New York, New York 10004
                Telephone (212) 486-7272
                Facsimile (212) 486-0323
                Email:   pberger@llbl.com
                      trotberg@llbl.com
                      jberger@llbl.com